**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND GLEN BERRY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARALES, WARDEN,<br><br>　　　　Respondent. | No. CV 25-8197-GW(E)<br><br><br>ORDER OF DISMISSAL |

　　　On August 25, 2025, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." The Petition challenges Petitioner's conviction and sentence in Los Angeles Superior Court case number BA 397700-01 (Petition at 2). Petitioner previously challenged the same conviction and sentence in a habeas petition filed in this Court in 2017. See Berry v. Davey, No. CV 17-3680-GW(E) ("the prior habeas petition"). By Judgment entered February 1, 2018, this Court denied and dismissed the prior habeas petition with prejudice.

　　　The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157

(2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition.[2] See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

///
///
///
///
///
///
///
///

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov, does not reflect that anyone named Raymond Berry has received authorization to file a second or successive petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[2] The Court previously rebuffed Petitioner's attempt to bring a second or successive petition. See Berry v. Johnson, No. CV 20-6863-GW(E).

2

1   For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

3   LET JUDGMENT BE ENTERED ACCORDINGLY.

   DATED: September 10, 2025.

   _____
   GEORGE H. WU
   UNITED STATES DISTRICT JUDGE

PRESENTED this 8th day of
September, 2025, by:


   _____/S/_____
   CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE